| | |
|---|---|
| Unula Boo-Shawn Abebe, #285447 ) C/A No. 2:09-02469-MBS-RSC
former #84613, )
   )
                  Plaintiff, )
   )
v.   ) REPORT AND RECOMMENDATION
   )
Richland County; City of Columbia )
Police Department, )
   )
                  Defendant(s). ) | |

Unula Boo-Shawn Abebe (Plaintiff) files this civil action *pro se* pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff currently is confined at Lee Correctional Institution, a facility of the South Carolina Department of Corrections. Plaintiff brings this complaint alleging violations of his Fourth Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment and Fourteenth Amendment rights, as well as 18 U.S.C. §§ 2510-2522 (Omnibus Crime Control and Safe Streets Act) and state law. Plaintiff names Richland County and the City of Columbia Police Department as defendants.[2] Plaintiff

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e) D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

states that he is seeking declaratory relief and damages.

### Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.). This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).

Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement

2

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Id.* at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

## Discussion

Plaintiff's complaint grows from his claim that his conviction

is the result of warrantless electronic surveillance through the use of a confidential informant equipped with electronic surveillance devices. (Compl. at 2-4.) His complaint alleges violations of 18 U.S.C. §§ 2510-2522, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution (Compl. at 2.) Additionally, Plaintiff alleges tortious actions under state law. (Compl. at 2.)

The thrust of this complaint appears to be centered on allegations of a Fourth Amendment unreasonable search and seizure violation because all of Plaintiff's alleged constitutional rights violations pertain to the use of warrantless electronic surveillance. *See* U.S. Const. amend. IV. However, Plaintiff does not state a claim for a constitutional violation based on Defendants' failure to obtain a warrant to "wire" an informant prior to her conversations with Plaintiff in Plaintiff's apartment. *See U.S. v. White*, 401 U.S. 745 (1971). In *U.S. v. White*, the Supreme Court states:

> *Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), which was left undisturbed by *Katz* [*Katz v. United States*, 389 U.S. 347 (1967)], held that however strongly a defendant may trust an apparent colleague, his expectations in this respect are not protected by the Fourth Amendment when it turns out that the colleague is a government agent regularly communicating with the authorities. In these circumstances, 'no interest legitimately protected by the Fourth Amendment is involved,' for that amendment affords no protection to 'a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it.' *Hoffa v. United States*, at 302, 87 S.Ct., at 413. No warrant to 'search and seize' is

4

required in such circumstances, nor is it when the Government sends to defendant's home a secret agent who conceals his identity and makes a purchase of narcotics from the accused, *Lewis v. United States*, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966), or when the same agent, unbeknown to the defendant, carries electronic equipment to record the defendant's words and the evidence so gathered is later offered in evidence. *Lopez v. United States*, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963).

*Id.* at 749.

Clearly, Plaintiff's constitutional right to be free from unreasonable search and seizures under the Fourth Amendment was not violated by the warrantless electronic surveillance by a confidential informant. Plaintiff's claim of violation of his Fourth Amendment rights under § 1983 should be dismissed for failure to state a claim.

Even if Plaintiff's allegations raised a valid Fourth Amendment violation, recovery under 42 U.S.C. § 1983 is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[3] With respect to actions filed pursuant to 42 U.S.C. § 1983 alleging constitutional violations and/or other wrongdoing in connection with state criminal charges, the Court in *Heck* stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

---

[3]*Heck* does not apply in the context of claims of unconstitutionality in on-going criminal cases. See *Wallace v. Kato*, 549 U.S. 384 (2007). However, because this case involves an already completed criminal trial and complaints about how it was conducted, *Wallace* is inapplicable and *Heck* controls.

> conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted). See also Edwards v. Balisock, 520 U.S. 641 (1997) (extending the preclusive rule of Heck v. Humphrey to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement).

Until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Because Plaintiff has not demonstrated that he successfully has challenged the validity of his imprisonment by having his criminal conviction set aside by way of appeal, PCR, habeas corpus, or otherwise, he cannot sue these defendants because of their involvement in his prosecution and ultimate conviction.

Plaintiff states that he is pursuing a violation of the Omnibus Crime Control and Safe Streets Act because defendant City of "Columbia Police Dept. violated federal wiretap law when it's officers in the scope of their official duties used electronic surveillance without warrant authorizing its use and the [Fourth]

6

amendment does not permit warrantless electronic surveillance." (Compl. at 5.) Plaintiff does not state a claim for violation of federal law, specifically the Omnibus Crime Control and Safe Streets Act. The pertinent statute, 18 U.S.C. § 2511(2)(c), provides that "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." In the instant case, the confidential informant was acting as a governmental agent under the direction of the Defendant City of Columbia Police Dept. Because the confidential informant apparently voluntarily consented to and participated in the audio and video taping, the recordings are lawful under the statute. Plaintiff's claim of violation of the Omnibus Crime Control and Safe Streets Act under § 1983 should be dismissed for failure to state a claim.

Plaintiff also alleges that the defendants conspired to obtain evidence in violation of the Omnibus Crime Control and Safe Streets Act through the use of illegal electronic surveillance, to prosecute him with illegal evidence, and to deprive him of a right to a fair trial. In order to establish a civil conspiracy claim under §1983, a plaintiff must show that the defendants acted in concert in furtherance of the conspiracy which resulted in plaintiff's deprivation of a constitutional right. *See Hinkle v.*

7

*City of Clarksburg, W.VA.*, 81 F.3d 416, 421 (4th Cir 1996) (citing *Hafner v. Brown*, 983 F.2d 570, 577 (4th Cir. 1992)). Plaintiff has not stated a valid claim for violation of his Fourth Amendment rights, and therefore has not stated a valid claim of conspiracy to violate his Fourth Amendment rights. Plaintiff's claim of civil conspiracy under § 1983 should be dismissed for failure to state a claim.

Plaintiff's allegations of Fifth, Sixth, Eighth and Fourteenth Amendment violations misinterpret the rights secured by those amendments and rest upon his incorrect conclusion that his Fourth Amendment rights have been violated. Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995). *See also Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). The petitioner's conclusory statements are not sufficient factual allegations to support the claims in the complaint that Plaintiff's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments have been violated.

Additionally, Plaintiff's request for declaratory judgment

misses the mark. In the complaint, Plaintiff states that he is seeking declaratory relief. However, Plaintiff does not seek declaratory relief in the true legal sense. *See* Fed .R. Civ. P. 57; 28 U.S.C. § 2201. Plaintiff asks this Court for declarations that the acts and omissions described in the complaint violated Plaintiff's rights under the constitution. (Compl. at 7-9.) "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. Appx. 475 (7th Cir. 2003)(citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Johnson v. McCuskey*, 72 Fed. Appx. at 478 (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed. Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")). Plaintiff is not entitled to the declaratory relief that he seeks.

Finally, Plaintiff alleges several state law causes of action. (Compl. at 4-6.) Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Because

Plaintiff has asserted no valid federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.")

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

					_____
					Robert S. Carr
					United States Magistrate Judge

October __7__, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).