UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Unula Booshawn Abebe, #285447 *former* #84613, | C/A No.: 2:09-2469-MBS |
| Plaintiff, | |
| vs. | **ORDER** |
| Richland County; City of Columbia Police Department, | |
| Defendants. | |

Plaintiff Unula Booshawn Abebe is an inmate who is currently housed at the Lee Correctional Institution. On September 21, 2009, Plaintiff, appearing *pro se*, filed the within action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On October 8, 2009, Plaintiff was granted leave to proceed *in forma pauperis*. That same day, the Magistrate Judge filed a Report and Recommendation recommending that the case be summarily dismissed. On October 27, 2009, Plaintiff filed objections to the Report and Recommendation. On December 10, 2009, Plaintiff filed a motion for a preliminary injunction. On December 17, 2009, Plaintiff filed a motion to join a third party defendant. On January 4, 2010, Plaintiff filed two motions for judgment on the pleadings and a motion for the production of documents.

**FACTS**

Plaintiff alleges that on November 9, 2003, a confidential informant went to the Broad River Terrace Apartments, equipped with electronic surveillance devices and approached Plaintiff about purchasing some drugs. Plaintiff contends that the confidential informant returned to purchase more

drugs from him on November 11, 2003. Plaintiff alleges that he was subsequently indicted for two counts of distribution of crack cocaine and two counts of distribution of crack cocaine within proximity to a school. Plaintiff alleges that the electronic surveillance constituted unconstitutional search and seizure because no warrant was issued approving the use of the devices.

Plaintiff contends that he represented himself in the criminal proceedings and elected to proceed to trial as opposed to pleading guilty. On April 26, 2006, Plaintiff contends that he was brought to court for a trial, but was unprepared for trial because he had no prior notice of the date of the trial. Plaintiff also contends that the solicitor was pregnant and that he would have been prejudiced by this at trial. Plaintiff asserts that under these circumstances, he pleaded guilty as opposed to having a trial. Plaintiff states that he received a concurrent ten (10) year sentence. Plaintiff states that he filed an application for post-conviction relief (PCR) in December 2006, but that he ultimately moved to dismiss his PCR case on the advise of counsel on April 30, 2008. This motion was granted on May 2, 2008. Plaintiff alleges violations of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights; as well as the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510-2522; and state law based on the above facts. Plaintiff seeks declaratory relief and damages.

**DISCUSSION**

The Magistrate Judge recommended that the case be summarily dismissed, finding that: (1) no warrant was required because Plaintiff had no protectable privacy interest against the confidential informant, *see United States v. White*, 401 U.S. 745, 749 (1971); (2) Plaintiff's § 1983 cause of action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) Plaintiff fails to state a claim for the violation of the Omnibus Crime Control and Safe Streets Act because a party to the intercepted

communications consented, *see* 18 U.S.C. § 2511(2)(c); (4) Plaintiff has not stated a claim for civil conspiracy; (5) Plaintiff failed to state a claim for violation of the Fifth, Sixth, Eighth and Fourteenth Amendments; (6) Plaintiff does not truly seek declaratory relief, *see Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003); and (7) without a viable federal claim, the court cannot exercise supplemental jurisdiction over Plaintiff's state law claims, *see Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 387 (1998).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

I. <u>Propriety of Plaintiff's § 1983 Claims</u>

Plaintiff contends that the Supreme Court's holding in *Heck v. Humphrey* does not apply to him because he is time-barred from filing for habeas relief. Plaintiff also contends that habeas relief is not appropriate because he seeks monetary relief, which is not available in a habeas proceeding. The court disagrees.

In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

3

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994).

The gravamen of Plaintiff's § 1983 claim is that Defendants acted improperly in conducting electronic surveillance without a warrant and that these actions violated his rights and ultimately led to his incarceration. Although Plaintiff does not request release from incarceration and instead makes a claim for monetary damages, a judicial determination in Plaintiff's favor would necessarily imply that his present confinement is illegal. The court finds that these claims are barred even though Plaintiff's time for filing for habeas relief has expired. *See Rogers v. Adams*, 103 F. App'x 63, 64 (8th Cir. 2004) ("[w]e [] conclude that *Heck* bars [§ 1983] claims, even if [the plaintiff's] time for filing a state postconviction motion has passed."); *Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002) (noting *Heck* barred § 1983 claims despite fact that habeas relief was time-barred), *cert. denied*, 538 U.S. 960 (2003). Plaintiff's cannot circumvent his own failure to timely file a habeas petition simply by filing a § 1983 claim seeking monetary damages as opposed to release from imprisonment.

II.     Fourth Amendment

Plaintiff objects to the Magistrate Judge's conclusion that no warrant was required to perform electronic surveillance on him because he had no privacy interest when he spoke to the confidential informant. Plaintiff also contends that *White* is inapplicable to this case because the confidential informant trespassed on Plaintiff's property. The court disagrees.

4

In *White*, the Supreme Court held that the Fourth Amendment does not protect against a "wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." 401 U.S. at 749. The Court stated that

> [n]o warrant to "search and seize" is required . . . when the Government sends to defendant's home a secret agent who conceals his identity and makes a purchase of narcotics from the accused, or when the same agent, unbeknown to the defendant, carries electronic equipment to record the defendant's words and the evidence so gathered is later offered in evidence.

*Id.* (internal citations omitted). This language makes it clear that Plaintiff, who voluntarily entered into drug transactions with a confidential informant, had no protectable privacy interest in the conversations related to those transactions. Moreover, to the extent Plaintiff alleges the surveillance was unlawful because the informant trespassed on Plaintiff's property, Plaintiff's own version of the facts belies his allegation. Plaintiff contends that he was approached by the confidential informant at the Broad River Terrace apartments and asked to sell some drugs, which Plaintiff then provided. Under these circumstances, Plaintiff consented to the confidential informant's presence on his property.

III.     Propriety of the Magistrate Judge Issuing a Report and Recommendation

Plaintiff contends that the Magistrate Judge should not have filed a recommendation in this case and that the Magistrate Judge improperly raised arguments that the named Defendants should raise in a motion for summary judgment. The court disagrees. Title 28, United States Code, Section 636(b)(1) authorizes Magistrate Judges to submit recommendations for the disposition of cases. Moreover, Local Rule 73.02(b)(2)(e) authorizes Magistrate Judges to conduct "[a]ll pretrial proceedings involving litigation by individuals proceeding *pro se*." Therefore, the Magistrate Judge did not exceed his authority in issuing a Report and Recommendation to this court recommending

the summary dismissal of the case.

IV.     <u>Omnibus Crime Control and Safe Streets Act</u>

Plaintiff contends that 18 U.S.C. § 2511(2)(c) does not authorize the surveillance in this case and that Defendants violated the Omnibus Crime Control and Safe Streets Act because they did not obtain a warrant before recording his conversations by and through the confidential informant. The court disagrees.

Title 18, United States Code, Section 2511(2)(c) states:

> It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

Despite Plaintiff's arguments to the contrary, the surveillance of Plaintiff was not in contravention of the Act. This is because the confidential informant, as one of the parties to the communication, consented to the interception of the communications between Plaintiff and the confidential informant.

V.      <u>Fifth, Sixth, Eighth and Fourteenth Amendment Claims</u>

Plaintiff makes no specific objection to the Magistrate Judge's finding that Plaintiff's conclusory statements alleging Fifth, Sixth, Eighth and Fourteenth Amendment violations failed to state a claim upon which relief can be granted. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Nevertheless, the court has conducted a de novo review of the issues and finds no clear error on the face of the record. These claims are dismissed.

VI. <u>Civil Conspiracy Claim</u>

Plaintiff contends that the Magistrate Judge erred in concluding the Plaintiff failed to make out a claim for civil conspiracy. The court disagrees. To make out a viable claim for civil conspiracy under § 1983, Plaintiff must show that Defendants acted in concert and that some overt act was done in furtherance of the conspiracy which resulted in the deprivation of Plaintiff's constitutional rights. *Hinkle v. City of Clarksburg*, 81 F.3d 416 (4th Cir. 1996). Plaintiff has not alleged a valid claim for the violation of a constitutional right. Accordingly, Plaintiff's civil conspiracy claim is dismissed.

VII. <u>Declaratory Relief</u>

Plaintiff does not object to the Magistrate Judge's recommendation with regard to declaratory judgment. Nevertheless, the court has conducted a *de novo* review of the issue and concurs with the Magistrate Judge that Plaintiff does not truly seek declaratory relief. *See Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003) ("Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").

VIII. <u>State Law Claims</u>

Plaintiff does not specifically object to the Magistrate Judge's determination that the court should not exercise supplemental jurisdiction in the absence of a federal law claim. The court, however, has reviewed this issue *de novo* and concurs in the Magistrate Judge's assessment. *See* 28 U.S.C. § 1367(c). Because no federal claims remain in this action, the court declines to exercise jurisdiction over Plaintiff's state law causes of action. *See Waybright v. Frederick County*, 528 F.3d 199, 209 (4th Cir. 2008) (approving a district court's decision not to exercise jurisdiction over state

law claims when no federal claims remained).

IX.     Plaintiff's Motion to Add a Third Party Defendant

The court now turns to Plaintiff's motion to add a third party defendant. Plaintiff seeks to add the Magistrate Judge as a defendant for allegedly delaying the adjudication of this case. Plaintiff seeks to add claims against the Magistrate Judge for abuse of process, obstruction of justice, judicial misconduct, civil conspiracy, violation of 18 U.S.C. 1001, slander, denial of due process and denial of access to the courts. Plaintiff would seek to have the Magistrate Judge arrested and to receive monetary damages.

Rule 15(a) provides:

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Even when a party may amend as a matter of course, leave to amend may be denied if there is bad faith, undue prejudice to the opposing party, or futility of amendment. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Judges have absolute immunity from damages liability for judicial acts unless these acts were performed "in clear absence of all jurisdiction." *Everson v. Doughton*, 267 F. App'x 229, 2008 WL 193182, at *1 (4th Cir. 2008). Moreover, a judge "may not be deprived of immunity because the action [taken] was in error, was done maliciously, or was in excess of his authority." *Id.* (internal citations omitted). The Magistrate Judge was acting within his jurisdiction in not authorizing service upon Defendants and issuing a Report and Recommendation recommending summary dismissal. *See* 28 U.S.C. § 636(b)(1); 28 U.S.C. § 1915A; Local Rule 73.02(b)(2)(e). Because the Magistrate Judge has absolute judicial immunity for

his actions, Plaintiff's claims seeking monetary damages would be futile. Plaintiff's attempt to initiate a criminal action against the Magistrate Judge is also futile because a private citizen has no standing to initiate a federal prosecution. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986). Accordingly, the court denies Plaintiff's motion to amend his complaint to join the Magistrate Judge as a defendant in this case.

## **CONCLUSION**

Plaintiff's complaint is dismissed without prejudice and without issuance and service of process. Plaintiff's motion to bring in a third party defendant (Entry 14) is denied. Plaintiff's remaining motions (Entries 13, 15, 16, 17, and 20) are denied as moot.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour<br>
The Honorable Margaret B. Seymour<br>
United States District Judge

Columbia, South Carolina
June 11, 2010